UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 06-86-KKC

ANTHONY WASHINGTON,                                                         PETITIONER,

V.           **MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION**

SUZANNE R. HASTINGS, WARDEN,                            RESPONDENT.

I. INTRODUCTION

Petitioner, Anthony Washington, was found guilty on February 29, 1988, of second degree murder while armed. [Record No. 8.] Currently in federal custody at the United States Penitentiary ("USP") – Big Sandy, located at Inez, Kentucky, he filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Superior Court of the District of Columbia. [Record No. 8.] In support of his petition for writ of habeas corpus, Petitioner raises eight claims of error. [Id.; Record No. 1.][1] In each of those claims, he alleges that his attorney provided ineffective assistance of counsel. [Id.]

---

[1] On May 1, 2006, Petitioner filed a type-written document labeled as a Petition for Writ of Habeas Corpus. [Record No. 1.] In that document, Petitioner raised seven claims of error, each alleging the ineffective assistance of counsel. [See id.] Noting that Petitioner failed to submit his petition on the required form, the Court subsequently directed Petitioner to submit his petition on the appropriate form. [See Record No. 3.] Petitioner complied with the Court's directive but raised only two claims of error when he re-submitted his petition on the correct form. [See Record No. 8.] For purposes of this Report and Recommendation, Petitioner's petition [id.] will be deemed to include and incorporate the claims raised in his initial pleading [Record No. 1].

Specifically, Petitioner argues that his attorneys were ineffective for failing to do the following: (1) conduct a sufficient investigation and prepare adequately for trial; (2) move for reversal of his conviction based on uncharged criminal conduct; (3) file a motion to vacate his sentence under D.C. Code § 23-110 ; (4) uncover the alleged perjury of Paulette Lanham; (5) call potential witness, Paula Hackney; (6) cross-examine adverse witness, Christine Blake; (7) challenge the evidence at sentencing; and (8) raise the issue of a fatal variance at pre-trial. [Record Nos. 1 and 8.] In response, Respondent filed a motion to dismiss [Record No. 25], with attached exhibits containing relevant portions of Petitioner's District of Columbia court record. Petitioner filed a response to the Respondent's motion to dismiss. [Record No. 27.]

Accordingly, Respondent's motion to dismiss [Record No. 25] is now ripe for review. Consistent with local practice, this matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it will be recommended that Respondent's motion to dismiss for lack of jurisdiction [Record No. 25] be granted and that this matter be dismissed with prejudice.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In November 1986, a grand jury returned an indictment against Petitioner, charging him with second degree murder while armed, in violation of 22 D.C. Code §§ 2403, 3202, for the October 1, 1986 stabbing death of Mildred Hardy. [Record No. 25, Ex. A.] A jury in D.C. Superior Court found Petitioner guilty as charged on February 29, 1988. [Record No.

8 at 2.] On April 22, 1988, Petitioner was sentenced to a term of imprisonment of fifteen years to life. [Id.]

Petitioner filed a motion to reduce his sentence, which was denied by the trial court on August 12, 1988. [Record No. 25, Ex. C at 1.] Petitioner, through new counsel, filed a direct appeal to the D.C. Court of Appeals. On appeal, Petitioner contended that there was insufficient evidence to support his conviction and that the prosecutor engaged in misconduct during his opening statement and closing argument. [Record No. 8 at 3; Record No. 25, Ex. B.] However, the D.C. Court of Appeals affirmed his conviction on April 12, 1990. [Id.] Petitioner then filed, pro se, a second motion to reduce his sentence. The trial court denied that motion, and Petitioner filed a pro se motion seeking reconsideration. [Record No. 25, Ex. D.] On October 31, 1990, the trial court denied his motion for reconsideration. [Id., Ex. E.]

On October 4, 1991, Petitioner filed his first pro se motion to vacate sentence pursuant to D.C. Code § 23-110, challenging his conviction in D.C. Superior Court. See Washington v. United States, 834 A.2d 899, 900 (D.C. 2003). In that motion, Petitioner argued that: (1) due to his young age, he should not have been allowed to waive his Miranda rights without the presence of an attorney; and (2) certain hearsay evidence should not have been admitted at trial. Id. at 901 (footnote omitted). Petitioner also argued that both his trial and appellate counsel were ineffective for failing to raise the issue of Petitioner's competency. [See Record No. 23, Ex. G.] On October 2, 1992, the trial court denied Petitioner's motion. [Id., Ex. I.]

3

On September 20, 2001, Petitioner filed a second pro se motion to vacate his sentence pursuant to D.C. Code § 23-110. In that motion, Petitioner alleged that his trial counsel was ineffective for the following reasons: (1) failing to call an exculpatory witness (Paula Hackney); failing to cross-examine an adverse witness (Christine Blake); (3) failing to conduct sufficient investigation and to prepare adequately for trial; and (4) failing to challenge allegedly false evidence presented by the government at his sentencing hearing. Washington, 843 A.2d at 901, 904. On November 29, 2001, the trial court determined that Petitioner's claims were procedurally barred and denied his second § 23-110 motion. [Record No. 23, Ex. C.] Petitioner subsequently appealed, and the D.C. Court of Appeals affirmed the trial court's denial. See Washington, 834 A.2d 899.

On March 16, 2005, Petitioner filed a pro se motion to recall the mandate in the D.C. Court of Appeals, arguing that his appellate counsel provided ineffective assistance by failing to raise a claim of ineffective assistance of trial counsel on appeal. [Record No. 23, Ex. K.] The D.C. Court of Appeals summarily denied Petitioner's motion on March 24, 2005. [Id., Ex. L.]

On May 1, 2006, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Record No. 1, 8.] On August 25, 2006, this matter was reassigned to the undersigned due to Magistrate Judge Patterson's retirement. [Record No. 24.]

Respondent filed a motion to dismiss for lack of jurisdiction and memorandum in support, with attached exhibits consisting of the District of Columbia court record on September 15, 2006. [Record No. 25.] On October 10, 2006, Petitioner filed a response in

4

opposition to Respondent's motion to dismiss. [Record No. 27.] Subsequently, Petitioner also filed a motion for discovery and evidentiary hearing. [Record No. 28.] Respondent then filed a response in opposition [Record No. 29], and Petitioner filed a reply [Record No. 30].

### III. ANALYSIS

#### A. Motion to Dismiss

In her motion to dismiss, Respondent contends that Petitioner's petition should be dismissed with prejudice because this Court does not have jurisdiction to reach the merits of his claims. [Record No. 25.] Specifically, Respondent argues that Petitioner has failed to demonstrate that his local remedy under D.C. Code § 23-110 is inadequate or ineffective. [Id.]

In response to the motion to dismiss, Petitioner argues that jurisdiction is proper. Petitioner asserts that he has exhausted his remedies, claiming that he has "no other factual or legal basis to support his ineffective assistance of counsel claims" and that further pursuit would be futile. [Record No. 27 at 5.] Therefore, Petitioner contends that his remedy under § 23-110 is inadequate or ineffective. [See id.] Because jurisdiction is a threshold requirement, that issue must be addressed first.

#### B. Jurisdiction

Prior to 1970, "the D.C. court system did not exist in its present form, and many of the cases now brought in the District's courts were instead heard in federal court." Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998). That system changed in 1970, when the United States Congress passed the District of Columbia Court Reform and Criminal

Procedure Act, Pub. L. No. 91-358 (1970) ("Court Reform Act"). The Court Reform Act established the current dual court system and provided a "remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence." Blair-Bey, 151 F.3d at 1042 (citing D.C. Code § 23-110).

Section 23-110(g) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section **shall not be entertained** by the Superior Court or **by any Federal or State court** if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.[2]

(Emphasis added). Accordingly, prisoners sentenced by the Superior Court of the District of Columbia may collaterally challenge the constitutionality of their convictions by moving in that court under D.C. Code § 23-110. Garris v. Lindsay, 794 F.2d 722, 725 (D.C. Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986); see also Byrd v. Henderson, 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("Since passage of the Court Reform Act, however, a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court - the Superior Court - pursuant to D.C. Code § 23-110."). If that avenue

---

[2] The comparable section, 28 U.S.C. § 2255, reads in pertinent part as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

6

proves unsuccessful, the prisoner may then pursue an appeal in the D.C. Court of Appeals, which is the highest court in the local D.C. court system. See Garris, 794 F.2d at 725 (citing D.C. Code § 23-110(f)).

The Court Reform Act further "provided that, to the extent that [a] remedy [under D.C. Code § 23-110] was available, **it was an exclusive one** . . . ." Blair-Bey, 151 F.3d at 1042 (emphasis added). In fact, the Supreme Court has characterized D.C. Code § 23-110(g) as an "unequivocal command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court . . . ." Swain v. Pressley, 430 U.S. 372, 377 (1977). In Swain, the Supreme Court held that a district court lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence even after the local remedy, if adequate and effective, has been pursued unsuccessfully. 430 U.S. at 377-78. Consequently, while "prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies, a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" Garris, 794 F.2d at 726 (citations omitted). Thus, the Court Reform Act "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective' . . . ." Blair-Bey, 151 F.3d at 1042.

Determining whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective "hinges on the same considerations enabling federal prisoners to seek habeas

7

review." Perkins v. Henderson, 881 F. Supp. 55, 59 (D.D.C. 1995); see also Swain, 430 U.S. at 377 ("the language of § 23-110(g) was deliberately patterned after 28 U.S.C. § 2255"). Indeed, the determinative factor "is the inefficacy of the remedy, not a personal inability to utilize it . . . ." Garris, 794 F.2d at 727; see also David v. Bragg, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991) ("[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies.")

In this court, Petitioner claims that both his trial and appellate attorneys provided ineffective assistance for a variety of reasons. As noted above, Petitioner contends that the remedy under § 23-110 is inadequate or ineffective because he has "no other factual or legal basis to support his ineffective assistance of counsel claims and as such he cannot bring his claims under § 23-110." [Record No. 27 at 5.] Petitioner also alleges that further pursuit would be futile. [Id. at 5-6.]

Petitioner's arguments are simply unavailing. The remedy provided by § 23-110 is not inadequate or ineffective merely because Petitioner was unsuccessful in pursuing it. See Garris, 794 F.2d at 727; cf. Boyden v. United States, 463 F.2d 229, 230 (9th Cir. 1972) (per curiam) (lack of success on § 2255 motion does not render remedy inadequate or ineffective), cert. denied, 410 U.S. 912 (1973), and Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied."). Indeed, "[a] petitioner may not complain that the remedies provided him by D.C. Code § 23-110 are inadequate merely because he was

8

unsuccessful when he invoked them." Perkins, 881 F. Supp. at 59, n.5 (citing Garris, 794 F.2d at 727). Thus, Petitioner's personal lack of success in pursuing relief under D.C. Code § 23-110 does not render that remedy inadequate or ineffective.

Similarly, Petitioner's remedy under § 23-110 is not considered inadequate or ineffective merely because several of the claims raised in Petitioner's post-conviction motions have been denied as procedurally barred, rather than denied on the merits. Discussing the analogous § 2255 context, the Sixth Circuit has held that "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . **or because the petitioner is procedurally barred from pursuing relief under § 2255** . . . or because the petitioner has been denied permission to file a second or successive motion to vacate . . . ." Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (emphasis added); see also United States v. Peterman, 249 F.3d 458, 461 (6th Cir.), cert. denied, 534 U.S. 1008 (2001). Instead, under § 2255, that remedy is inadequate only if it denies a defendant "**any** opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a non-existent offense." In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis in original); see also In re Smith, 285 F.3d 6, 8 (D.C. Cir. 2002).

Here, Petitioner has not been imprisoned for a non-existent offense, and his exclusive opportunity to collaterally challenge his underlying conviction came when he filed his first motion to vacate his sentence under D.C. Code § 23-110. Because Petitioner pursued that relief not once but twice, it cannot be said that he has been denied "any opportunity for

9

judicial rectification" of the alleged defects in his conviction.  That Petitioner's § 23-110 motions were denied does not alter this conclusion.

Furthermore, although Petitioner correctly notes that the only circumstance in which the Sixth Circuit has found § 2255 to be an inadequate or ineffective remedy is when the petition stated a facially valid claim for actual innocence, no such claim has been presented in this case.  [Record No. 27 at 6 (citing Truss v. Davis, 115 Fed. Appx. 772, 775 (6th Cir. 2004)).] In fact, Petitioner admits that "he does not have any newly discovered and clear and convincing exculpatory evidence."  [Record No. 27 at 9.]

Petitioner has, therefore, failed to demonstrate that the remedy provided by § 23-110 was inadequate or ineffective.  Absent such a showing, this court lacks jurisdiction to entertain the claims in Petitioner's petition for habeas corpus.

C. Evidentiary Hearing

Petitioner has also filed a motion for discovery and an evidentiary hearing.  [Record No. 28.]  "A district court may, in the context of a habeas proceeding, permit discovery, provided that the habeas petition presents specific allegations showing reason to believe the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate."  Lott v. Coyle, 261 F.3d 594, 602 (6th Cir. 2001).  However, in light of the conclusion that this Court lacks jurisdiction over Petitioner's claims, it follows that the facts, even if more fully developed, would not "lead the district court to believe that federal habeas relief is appropriate."  Id.  Therefore, neither discovery nor an evidentiary hearing is required in this case.

10

## IV. CONCLUSION

Accordingly, and for the reasons provided above, it is hereby recommended that Respondent's motion to dismiss [Record No. 25] be granted, Petitioner's petition [Record Nos. 1 & 8] be dismissed for lack of jurisdiction, and this matter be dismissed with prejudice and stricken from the docket. It is further recommended that Petitioner's motion for discovery and evidentiary hearing [Record No. 28] be denied.

Specific objections to this Report and Recommendation must be filed within ten (10) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(C); Rule 72(b), Fed. R. Civ. P.

Signed January 12, 2007.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge

Date of Entry and Service: